**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **TERRY STINSON,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:13-CR-0360-CAP-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:16-CV-3010-CAP-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Terry Stinson, has filed a 28 U.S.C. § 2255 motion, [Doc. 117], that challenges his convictions and sentences entered in this district under the above criminal docket number. The matter is before the Court for preliminary review under Rule 4(b), which requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, Movant's § 2255 motion must be denied.

**I.     Discussion**

By judgment entered on June 10, 2015, the Court imposed on Movant a total fifty-seven month term of imprisonment for his convictions on conspiracy to commit wire fraud, WIC fraud, and food stamp/SNAP fraud, in violation of 18 U.S.C. §§ 2,

AO 72A
(Rev.8/82)

1349, 42 U.S.C. § 1760(g), and 7 U.S.C. § 2024(b)(1). (J., ECF No. 73.) Movant, represented by Robert H. Citronberg, timely appealed. (Notice of Appeal, ECF No. 77; Appeal Notice from USCA, ECF No. 89.) On August 10, 2016, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. *United States v. Stinson*, No. 15-12739, 2016 WL 4204790 (11th Cir. Aug. 10, 2016) (hereinafter *Stinson*).

On August 8, 2016, Movant submitted for filing his § 2255 motion in which he (1) asserts that Mr. Citronberg abandoned him and ignored calls from Petitioner's wife and (2) raises one ground for relief – Mr. Citronberg was ineffective because he failed to file an appeal. (Mot. to Vacate, Ground and Facts, ECF No. 117.) Movant asks the Court to vacate and reset his sentence and appoint new counsel. (*Id.*, Relief Requested.) It is readily apparent that Mr. Citronberg did in fact file and prosecute an appeal for Movant. (Notice of Appeal); Br. of Appellant, *Stinson*, 2015 WL 9315827. Accordingly, it is recommended that the motion to vacate be denied.

## II. Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will

issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  It is recommended that a COA be denied because it is not debatable that Movant's claim is without any foundation.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.  Conclusion

Accordingly,

**IT IS RECOMMENDED** that Movant's § 2255 Motion to Vacate, [Doc. 117], and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the § 2255 Motion to Vacate to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 22nd day of September, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)